Nora Lissette CABALLERO DE MARTINEZ; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 04–76566.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 7, 2008.

Nora Lissette Caballero De Martinez, San Jose, CA, pro se.

Linduara Isabel Martinez–Caballero, San Jose, CA, pro se.

Fredy Armando Martinez–Caballero, San Jose, CA, pro se.

Sinthia Dahena Martinez–Caballero, San Jose, CA, pro se.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Don G. Scroggin, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Nora Lissette Caballero de Martinez, and her children Linduara Isabel, Fredy

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Armando, and Sinthia Dahena, are natives and citizens of Honduras. They petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal for lack of jurisdiction on the ground that they waived their right to appeal in exchange for a grant of administrative voluntary departure. We review questions of jurisdiction *de novo. See Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We grant the petition for review and remand.

We conclude that the issue of whether petitioners' waiver of appeal was knowing and intelligent was properly before the BIA, and should have been addressed by the agency. In their notice of appeal to the BIA, petitioners exhausted the issue by contending that the proceeding was not translated into their native Spanish and that they did not understand the consequences of the decision. *See Ladha v. INS,* 215 F.3d 889, 903 (9th Cir.2000) (holding that issues raised in a notice of appeal are properly exhausted); *see also Sembiring v. Gonzales,* 499 F.3d 981, 990 (9th Cir.2007) ("It is a long-established principle that the submissions of pro se aliens should be liberally construed."). Accordingly, we remand the issue to the BIA to make a determination in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**